Case 4:21-cv-00312   Document 39   Filed on 03/24/23 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
March 24, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SURVITEC SURVIVAL PRODUCTS, INC., | § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | CIVIL CASE NO. H-21-312 |
| FIRE PROTECTION SERVICES, INC., | | |
| Defendant. | | |

**MEMORANDUM AND OPINION**

Survitec Survival Products makes maritime survival equipment, including life rafts. Fire Protection Services sells and services this kind of equipment. Beginning in 2010, the two companies had an oral agreement allowing Fire Protection Services to use Survitec's trademarks, trade names, and brand names and to serve as a dealer and servicer of Survitec's products.[1] Survitec terminated that agreement in 2017 after it acquired a Houston company that serviced life rafts and would compete with Fire Protection and similar companies in the Houston area. Survitec alleges that Fire Protection continued to use Survitec's marks without authorization, in violation of Texas and Louisiana law and the Lanham Act, 15 U.S.C. § 1051 *et seq.* Fire Protection filed an earlier action asserting claims against Survitec under the Texas Dealer Protection Act. *Fire Prot. Serv., Inc. v. Survitec Survival Prods., Inc.*, No. H-19-2162 (S.D. Tex.).

Fire Protection has moved to dismiss Survitec's amended complaint in this action for failure to state a claim. (Docket Entry No. 27). For the following reasons, the court denies the

---

[1] Some of these trademarks, trade names, and brand names are owned by companies other than Survitec itself, but which are affiliated with Survitec. (Docket Entry No. 16 ¶ 3).

motion and sets a status conference to consult with counsel on the best way to bring this dispute and both actions to a fair and accurate resolution.

I.     **The Legal Standard**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

"A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

**II.    Analysis**

Fire Protection argues that Survitec has failed to state a claim under the Lanham Act, and that Survitec's claims are barred by the first-sale rule and by res judicata. Each argument is addressed below.

**A.    Failure to State a Claim**

Survitec's complaint alleges that Fire Protection is violating its rights under "Texas common law, Louisiana Revised Statute § 51.223.1, and [Lanham Act]. "The elements in common law trademark infringement under Texas law are the same as those under federal trademark law." *Hot-Hed, Inc. v. Safehouse Habitats (Scotland), Ltd.*, 333 S.W.3d 719, 730 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). The Louisiana statute provides[2]:

> Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief in cases of infringement of a mark registered or not registered or in cases of unfair competition notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services.

La. Rev. Stat. § 51:223.1. The court has found one decision of the Louisiana Supreme Court interpreting this section. That court found that this section did not apply to trade names. *Gulf Coast Bank v. Gulf Coast Bank & Tr. Co.*, 652 So. 2d 1306, 1311 (La. 1995) (trade name protection exists only under common law). Federal district courts have held that "the requirements for dilution under [Louisiana] state law are the same as the requirements for dilution under the Lanham Act." *AutoZone IP LLC v. Awad*, No. 17-cv-13107, 2018 WL 6591910, at *3 (E.D. La. Dec. 12, 2018) (citing *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 969 F.Supp. 2d 688, 703 (E.D. La. 2013)).

---

[2] The parties have not identified any conflict of law or briefed what state's law should govern any state-law claims. The court does not resolve that issue here.

Fire Protection argues that Survitec cannot assert state-law causes of action because it failed to comply the trademark-registration requirements of the applicable states. Texas common law permits holders of unregistered trademarks to bring infringement actions. *Hardriders Motorcycle Club Ass'n v. Hardriders, Inc.*, No. 14-14-00234-CV, 2015 WL 5025526, at *4 (Tex. App.—Houston [14th Dist.] Aug. 25, 2015, pet. denied) (stating elements required to prove "a common-law trademark infringement claim"). The Louisiana statute explicitly permits holders of unregistered marks to bring infringement actions for dilution and damage to business reputation. LA. REV. STAT. § 51.223.1. Fire Protection's argument that Survitec's state-law claims should be dismissed because the claims concern marks not registered under state law is not persuasive.

Fire Protection's other argument relates to the likelihood of confusion requirement for trademark actions. (Docket Entry No. 27 at 6). Fire Protection argues that the mere display of Survitec's marks on its website cannot create a likelihood of confusion because Fire Protection, in displaying those marks, "was not holding itself out as an authorized service station." (*Id.*). Survitec's allegations of consumer confusion appear sufficient to state a claim that cannot properly be resolved on a motion to dismiss. Fire Protection provides no authority suggesting that displays of marks on a website or through other media cannot create marketplace confusion, even if the website's owner does not specifically state the purpose behind the display of those marks.

B.  **Res Judicata—Compulsory Counterclaims**

Fire Protection sued Survitec in this court in 2019, alleging that Survitec violated the Texas Dealer Protection Act, TEX. BUS. & COM. CODE § 57.001 *et seq*. *See Fire Prot. Serv.*, No. H-19-2162. The question is whether the suits are so related that Survitec's claims here are barred by the compulsory counterclaim rule. *Hammervold v. Bank*, 3 F.4th 803, 810 (5th Cir. 2021) (res judicata bars compulsory counterclaims); FED. R. CIV. P. 13(a)(1)(A) ("A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party

4

if the claim . . . arises out of the transaction or occurrence that is the subject matter of the opposing party's claim.").

In the earlier action still pending before this court, Fire Protection alleged that after Survitec terminated the parties' dealer and servicer agreement, Survitec was required to repurchase Fire Protection's inventory of Survitec products but failed to do so. Docket Entry No. 16 ¶¶ 6–8, *Fire Prot. Serv.*, No. H-19-2162.

In this lawsuit, Survitec alleges:

> In early December 2020, as part of an investigation into spare parts, Survitec requested Gerald Nielsen, a Maritime Expert, . . . [to] verify the universality of some life raft parts. As part of that investigation, Mr. Nielsen visited [Fire Protection's] website and discovered . . . [Fire Protection's] continued unauthorized use of the trademarks and logos of the Life Raft Brands.

(Docket Entry No. 16 ¶ 10).

Fire Protection argues that the two suits involve the same transactions or occurrences. (Docket Entry No. 27 at 4). Fire Protection argues that Survitec "asserted the same claims [here] as affirmative defenses in the Initial Lawsuit" and that "Survitec sought the exact same damages alleged in this litigation as an offset [to] its liability in the Initial Lawsuit." (*Id.*).

In opposition, Survitec argues that resolution of an affirmative defense like res judicata is premature on a motion to dismiss. (Docket Entry No. 28 at 5–6). Substantively, Survitec argues that the operative facts of the two actions are distinct. In the first action, the facts concern Survitec's termination of the agreement and alleged failure to repurchase Fire Protection's inventory. (*Id.* at 7). Whether Survitec violated the Texas Dealer Protection Act involves the relationship of Survitec and Fire Protection surrounding the 2017 termination. (*Id.*). Here, the facts concern Fire Protection's "post-termination use of Survitec's trademarks in dealing with [Fire Protection's] own customers from 2018 onward." (*Id.*).

5

Additionally, Survitec argues that the elements required to establish the Texas Dealer Protection Act claim are distinct from those required to establish Survitec's claim under the Lanham Act. (*Id.*). In its second amended answer to the earlier filed suit, dated January 11, 2021, Survitec asserted the following affirmative defense:

> [Survitec] has learned . . . that Plaintiff continues to use Survitec's branding, logos, and trademarks in its brochures and on its website as of December 11, 2020. Plaintiff's continued use of Defendant's branding is thus contrary to the Act and the dealer termination notice. In particular, Plaintiff's continued use is
>
> . . . .
>
> c. In violation of Survitec's proprietary rights . . . under common law, Texas trademark law, and . . . the Lanham Act . . . .
>
> . . . .
>
> e. The financial records produced by Plaintiff through its expert reflect revenue from [Survitec's] branded products in 2018 and 2019, one and two years after the 2017 termination notice, and provide prima facie evidence of [Survitec's] damages that offset or rebut Plaintiff's damages claim . . . .

Docket Entry No. 54 ¶ 21, *Fire Prot. Serv.*, No. H-19-2162.

The compulsory counterclaim rule does not appear to bar this lawsuit. The earlier filed action is still pending. A different judge of this court entered a final judgment in that action in favor of Survitec in February 2021. *Fire Prot. Serv., Inc. v. Survitec Survival Prods., Inc.*, 519 F. Supp. 3d 414 (S.D. Tex. 2021). The Fifth Circuit reversed that judgment in September 2022. Case No. 21-20145, 2022 WL 4534991 (5th Cir. Sept. 28, 2022). The judgment was reversed while this motion to dismiss was pending. The parties have not briefed the effect of that reversal on this motion to dismiss.

The court in the earlier action found that Fire Protection's claim was barred because the Texas Dealer Protection Act could not be retroactively applied to the parties' oral agreement. *Fire Prot. Serv.*, 519 F. Supp. 3d at 423. That ruling was reversed on appeal and the case was remanded.

6

The court in the earlier action did not reach Survitec's affirmative defenses. Survitec has renewed its motion for partial judgment on the findings of the district court judge in the earlier action. It would be inappropriate to bar this action because of res judicata given that there is no judgment in the earlier filed action. 6 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1418 (3d ed.).

Survitec moved to amend its answer in the earlier filed action to, among other things, assert the affirmative defense that Fire Protection argues supports barring this lawsuit. Docket Entry No. 41, *Fire Prot. Serv.*, H-19-2162. This court granted that motion in part, and Survitec filed its second amended answer including the affirmative defense. Docket Entry No. 55, *id.* The court's order granting the motion to amend allowed the parties to take limited discovery on that affirmative defense. *Id.* The court denied Survitec's motion to assert counterclaims because they would require significant additional discovery and the case was close to trial. Docket Entry No. 92, *id.* at 24:7–17.

Given the posture of the two cases, one course of action may be for the court to reconsider its previous decision in the earlier filed action and grant leave for Survitec to assert its claims as counterclaims in the earlier filed action. *Cf.* 6 FEDERAL PRACTICE & PROCEDURE § 1418 ("Ideally, once a court becomes aware that an action on its docket involves a claim that should be a compulsory counterclaim in another pending federal suit, it will stay its own proceedings or will dismiss the claim with leave to plead it in the prior action."). While Fire Protection disputes the validity of Survitec's claims, and the district judge assigned to the earlier filed action clearly expressed doubts, neither Survitec's claims nor the affirmative defenses have been resolved. It may be appropriate for the court to allow the parties to engage in limited additional discovery and

7

to allow Fire Protection to seek summary judgment on the counterclaims. This order schedules a Zoom conference to allow the court and counsel to discuss the best way to proceed.

### C. The First Sale Rule

Fire Protection argues that its purchases of Survitec products preclude Survitec's claims for trademark violations and unfair competition based on the sales of those products. (Docket Entry No. 27 at 4). Survitec argues that Fire Protection is incorrect that the first-sale rule is broad enough to capture the conduct alleged. Survitec argues that Fire Protection is "trading on Survitec's name and trademarks . . . in ways that create the false impression that [Fire Protection] is an authorized dealer/servicer of Survitec products *in general*." (Docket Entry No. 28 at 12).

"[T]rademark law does not apply to the sale of genuine goods bearing a true mark, even if the sale is without the mark-owner's consent." *ICEE Distributors, Inc. v. J&J Snack Foods Corp.*, 445 F.3d 841, 845 (5th Cir. 2006) (citation omitted). Survitec's allegations go beyond Fire Protection's resale of Survitec's goods. Survitec also alleges that Fire Protection's use of its marks has confused consumers into thinking that Fire Protection is an authorized Survitec dealer or servicer. (Docket Entry No. 26 ¶¶ 12–13). Survitec claims damages not simply for Fire Protection's unauthorized sales of its products, but also for dilution and business goodwill. (*Id.* ¶ 15). The first-sale rule does not preclude these claims. 4 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 25:41 (5th ed.) ("[A] distributor cannot display a manufacturer's trademark on the distributor's Internet Web site in such a way as to confuse consumers into thinking that this is the Web site of an authorized dealer of that brand.") (collecting cases).

## III.     Conclusion

The motion to dismiss, (Docket Entry No. 27), is denied on the current record. The court sets a status conference for March 30, 2023, at 2:00 p.m., by Zoom, to discuss how best to resolve the parties' claims and defenses. A Zoom link will be separately sent.

SIGNED on March 24, 2023, at Houston, Texas.

                                              Lee H. Rosenthal
                                      United States District Judge